CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

NOV 1 4 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| KEVIN A. JOHNSON, | ) | CASE NO. 6:11CV00009 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's

protectively-filed November 19, 2007 applications for a period of disability, disability insurance

benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as

amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28

U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate

findings, conclusions and recommendations for the disposition of the case. The questions

presented are whether the Commissioner's final decision is supported by substantial evidence, or

whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the

reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the

Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision

and DISMISSING this action from the docket of the court.

In a decision issued on September 1, 2009, an Administrative Law Judge ("Law Judge")

found that plaintiff remained insured through December 31, 2012. (R. 13.) The Law Judge

further found that, although plaintiff had worked since his alleged disability onset date, a

disability determination could not be made solely on the basis of work that lasted only two

months.[1] (*Id.*) The Law Judge determined that the plaintiff's diabetes and history of adrenal gland tumor were viewed in combination as a severe impairment. (*Id.*) He concluded that the plaintiff did not suffer an impairment or combination of impairments that met or equaled any listed impairment, and that he had the residual functional capacity ("RFC") to perform unskilled sedentary work. (R. 17.) The Law Judge believed this RFC did not preclude plaintiff from performing his past relevant work as a sedentary electrical/phone assembler. (R. 18.) Thus, the Law Judge ultimately determined that the plaintiff was not disabled under the Act. (R. 19.)

Plaintiff appealed the Law Judge's September 1, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the plaintiff. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). However, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge's determination of his RFC is not supported by substantial evidence.[2] (Pl's

---

[1] The undersigned interprets this to mean that plaintiff had not engaged in substantial gainful activity during the relevant twelve-month period.

[2] RFC is defined as that which an individual is still able to do despite the limitations caused by his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a).

2

Brief, pp. 5-9.) Plaintiff contends that the record lacks any medical opinion regarding work-related limitations imposed by his severe impairments and submits that the Law Judge erred by failing to obtain a medical opinion regarding the effect of his severe impairments on his ability to work. (*Id.* at pp. 5, 7.) The undersigned disagrees and finds that the Law Judge's RFC finding is supported by substantial evidence.

Plaintiff concedes that the record does not contain any medical opinion evidence relating to work-related limitations. As he has the burden to demonstrate disabling work-related limitations, plaintiff has failed to meet that burden of proof. *See Young v. Apfel,* 221 F.3d 1065, 1069 n. 5 (8th Cir. 2000) (holding that RFC is determined at step four in the sequential evaluation, where the burden of proof rests on the plaintiff); *Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir. 1995) (holding that the applicant bears the burden of production and proof during the first four steps of the inquiry). This point notwithstanding, the undersigned will address plaintiff's arguments before the court.

Plaintiff's specific contention that the Law Judge was required to but failed to seek out or produce any additional medical evidence regarding the effect his impairments would have on his ability to work lacks merit. Not only does this argument side-step plaintiff's burden, but a review of the record demonstrates that there is substantial evidence to support the Law Judge's finding that plaintiff was not disabled.

Next, plaintiff asserts that the Law Judge erred by discounting the opinions offered by treating source Robert Elliott, M.D. (Pl's Brief, pp. 9-11.) For the reasons that follow, the undersigned disagrees, and finds that the Law Judge's decision to accord less than controlling weight to Dr. Elliott is supported by substantial evidence.

3

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005)).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

Dr. Elliott completed a diabetes mellitus RFC questionnaire on May 19, 2009. (R. 355-358.) He noted that plaintiff had been diagnosed with diabetes, and that his prognosis was fair. (R. 355.) Dr. Elliott found that plaintiff had the following symptoms: fatigue, excessive thirst, general malaise, muscle weakness, retinopathy, kidney problems, abdominal pain, nausea/vomiting, frequency of urination, and hyper/hypoglycemic attacks. (*Id.*) Dr. Elliott believed plaintiff's impairments either had lasted or could be expected to last for at least twelve months. (*Id.*) The physician opined that plaintiff's pain or other symptoms were severe enough to frequently interfere with the attention and concentration needed to perform even simple work

4

tasks, and that he was incapable of handling even "low stress" jobs. (R. 356.) Finally, Dr. Elliott noted his belief that plaintiff "just can't work." (R. 358.)

The Law Judge found that the May 19, 2009 RFC questionnaire was entitled to "extremely little weight" for several reasons. (R. 16.) Initially, the Law Judge noted that the signature on the questionnaire was illegible. (*Id.*) Also, the Law Judge noted that the form, itself, revealed that plaintiff was seen in July 2005 but "not seen since." (R. 16, 355.) According to the assessor, beginning in July 2008 plaintiff was "followed at UVa." (*Id.*) This led the Law Judge rightfully to question the basis upon which the assessor could even formulate a fully credible opinion, and to ponder why plaintiff's physician(s) at UVA was not called upon to complete the assessment. (*Id.*) The Law Judge also noted inconsistencies within the RFC. (*Id.*) For instance, on the one hand, the assessor opined that emotional factors did not contribute to plaintiff's symptoms, but, on the other, found that plaintiff was incapable of handling even a "low stress" job. (R. 16-17, 355-356.) Moreover, there were numerous omissions on the form. For instance, no information was provided as to whether plaintiff suffered functional limitations on his capacities to lift/carry or sit/stand. (R. 356-357.) The Law Judge further found that the assessor's conclusion that plaintiff "just can't work" is an opinion on an issue ultimately reserved for the Commissioner.[3] (R. 17, 358.) Nevertheless, the Law Judge concluded that this opinion was neither supported by the longitudinal record nor by objective medical findings, diagnostic test results, or specific functional limitations. (R. 18.) All of these reasons not to accord Dr. Elliott's opinions controlling weight are supported by substantial evidence.

---

[3] Statements by a physician that a claimant is "disabled" or "unable to work" are decisions reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(e), 416.927(e).

Therefore, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED:

U.S. Magistrate Judge

11\14\11
Date

Case 6:11-cv-00009-NKM-BWC   Document 16   Filed 11/14/11   Page 6 of 6   Pageid#: 425