# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| KEVIN A. JOHNSON,<br>        *Plaintiff,*<br>v.<br>MICHAEL J. ASTRUE,<br>*Commissioner of Social Security*,<br>        *Defendant.* | CIVIL ACTION NO. 6:11-CV-00009<br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

  This matter is before the court on consideration of the following: the parties' cross-motions for summary judgment (docket nos. 12 and 14); the Report and Recommendation ("Report") of United States Magistrate Judge B. Waugh Crigler (docket no. 16); Plaintiff's objections (docket no. 17) to the Report; and the response (docket no. 18) thereto filed by the Commissioner of Social Security ("Commissioner," or "Defendant").

  In his Report, the magistrate judge recommends that I affirm the Commissioner's final decision denying Plaintiff's claims for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). Plaintiff timely filed objections to the Report, obligating the court to undertake a *de novo* review of those portions of the Report to which proper objections were lodged. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Having conducted such a review, I find that the objections are without merit and that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was disabled under the Act. Accordingly, for the reasons stated herein, I will overrule Plaintiff's objections and will adopt the magistrate judge's Report *in toto*.

# I.

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the administrative law judge, or "ALJ"), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589. However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (*abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to analyze 'all of the

relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano*, 687 F.2d at 48. General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (2008). Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

## II.

As I have already observed, general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney*, 539 F. Supp. 2d at 845. Here, Plaintiff's objections simply incorporate and repeat arguments already presented. Indeed, the only references to the magistrate judge's Report appear in passing in the first and last paragraphs of the objections, and merely state that Plaintiff "disagrees with" the Report. Thus, Plaintiff fails

to specifically object to the magistrate judge's Report. Nonetheless, out of an abundance of caution, I will address Plaintiff's objections.

**A.**

Plaintiff contends that the ALJ failed to give proper weight to the opinion of a Dr. Elliot. However, my review of the record indicates that the ALJ satisfied his duty to evaluate the medical opinion evidence by carefully considering the medical opinions, evaluating them against the medical evidence and the record as a whole, and articulating specific reasons as to why they were not entitled to controlling weight. 20 C.F.R. §§ 404.1527, 416.927. Substantial evidence supports the ALJ's evaluation of the medical opinion evidence. Dr. Elliott's partially completed checklist form opinion that Plaintiff was unable to work due to his diabetes was not supported by the record, and the ALJ appropriately gave little weight to it.

Plaintiff states that the magistrate judge incorrectly stated that Dr. Elliott had not seen Plaintiff since 2005, and that Plaintiff saw Dr. Elliott in 2007. However, Dr. Elliott indicated on the residual functional capacity ("RFC") questionnaire that he had seen Plaintiff in July 2005, but had "not seen him since." (Rec. 355.) Even assuming that Plaintiff is correct, and that he was, in fact, seen by Dr. Elliott in 2007, Dr. Elliott rendered the RFC questionnaire approximately two years later, on May 19, 2009. (Rec. 355-58.)

There were no treatment notes from Dr. Elliott in the record. (Rec. 355-58.) *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (requiring that a treating source be able to provide a detailed longitudinal view of the claimant's alleged impairments). Indeed, Dr. Elliott's name appears in the record only twice: at the bottom of a nurse's diabetic education note from April 2007 (Rec. 174), and on a March 2007 hospital discharge summary (Rec. 158), listing Dr. Elliott as a carbon copy recipient. Indeed, there is no evidence in the record that Dr. Elliott ever

performed a physical examination of Plaintiff. As the magistrate judge observed, beginning on December 16, 2008, the UVA endocrinology clinic followed Plaintiff's diabetes, not Dr. Elliott. Plaintiff argues that copies of certain UVA records were mailed to Dr. Elliott's practice group, but the record did not reflect that Dr. Elliott personally received or reviewed those records. Instead, copies of certain records were directed to a Dr. Hey, not to Dr. Elliott. (Rec. 253-55, 259-62, 267-72, 287-94, 297-300). Accordingly, Dr. Elliott was not a treating physician when he rendered his opinion in 2009.[1]  20 C.F.R. §§ 404.1527(d)(2)(i), 416.927(d)(2)(i).

Accordingly, this objection must be overruled.

### *B.*

Plaintiff argues that the ALJ improperly determined his RFC, and that the ALJ should have obtained a medical opinion or ordered a consultative examination.

The RFC determination, which refers to what a claimant can still do despite his limitations, is an administrative finding reserved to the Commissioner, which the ALJ crafts from reviewing all of the evidence. 20 C.F.R. §§ 404.1527(e), 1545(a), 416.927(e), 945(a); SSR 96-5p, 1996 WL 374183. It is the ALJ's exclusive duty, as fact finder, to make an RFC assessment. 20 C.F.R. §§ 404.1546(c), 416.946(c).

An ALJ is not required to seek a separate medical opinion to make an RFC determination; in fact, the regulations specifically provide that the Commissioner will not give any special significance to the source of another opinion on the issue of a claimant's

---

[1] I add that Dr. Elliott's opinion was inconsistent. As the magistrate judge pointed out, Dr. Elliott opined that emotional factors did not contribute to Plaintiff's symptoms, but contradictorily stated that Plaintiff was incapable of handling even a low stress job. Additionally, Dr. Elliott's functional capacity assessment was incomplete, and did not assess any functional limitations. His opinion was neither supported by the longitudinal record nor by objective medical findings, diagnostic test results, or specific functional limitations. Therefore, Dr. Elliott's opinion was inconsistent with and not supported by the record.

RFC. 20 C.F.R. §§ 404.1527(e)(2), (3), 416.927(e)(e), (3). Thus, the ALJ was not obligated to adopt any particular medical source's opinion when assessing Plaintiff's RFC. Medical opinions do not provide the exclusive basis for an RFC assessment, as Plaintiff suggests. To the contrary, a claimant's RFC must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). Here, in accordance with the regulations, the ALJ considered all of the evidence – not just the medical opinions of record – when independently assessing Plaintiff's RFC, as he was required to do.

An ALJ has discretion to decide whether to obtain a consultative examination after giving consideration to whether the existing records from medical sources contain sufficient evidence to support a decision on the individual's claim. 20 C.F.R. §§ 404.1519a(a)(1)-(b), 416.919a(a)(1)-(b). The reviewing court must defer to the ALJ's decision not to purchase a consultative examination upon finding that the record contains sufficient evidence to make a decision. *See Keplinger v. Astrue*, Civil Action No. 5:07-cv-00099, 2008 WL 4790663, at *5 (W.D. Va. Nov. 3, 2008). Here, the record as a whole provides sufficient, unambiguous, and non-conflicting evidence to support the ALJ's decision not to order a consultative examination.

Accordingly, the objection must be overruled.

### III.

Having undertaken a *de novo* review of the Report, I find that Plaintiff's objections are without merit. My review of the record indicates that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was disabled under the Act. Accordingly, I will enter

an order overruling Plaintiff's objections, adopting the magistrate judge's Report *in toto*, granting the Commissioner's motion for summary judgment, denying Plaintiff's motion for summary judgment, and dismissing this action and striking it from the active docket of the court.

Entered this  5th  day of June, 2012.

*[signature: Norman K. Moon]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE